STATE OF MAINE                                    SUPERIOR COURT
WALDO, SS.                                         Docket No. RE-10-006


WENDELL STORY,                    )
                    Plaintiff,    )
                                  )
                                  )
                                  )
            v.                    )              **JUDGMENT**
                                  )
                                  )
                                  )
MICHAEL WHITCOMB &                )
MATTHEW WHITCOMB                  )
                    Defendants.   )


This matter came before the Court for a jury-waived trial on April 7 and 8, 2011. Plaintiff was present with his attorney, Joseph Baiungo, Esq. Defendants were present with their attorney, Daniel Bernier, Esq. Testimony was taken on both April 7 and 8, 2011, and a view has conducted on April 7, 2011.

This is a boundary dispute between abutting landowners in Monroe, Maine. Before August of 1979, both Plaintiff's and Defendants' properties were owned by Richard Webber. On August 17, 1979 Richard Webber transferred a parcel of land to Guy Webber and such parcel was a part of the larger parcel then owned by Richard Webber. *See Deed, Exhibit #1.* Richard Webber retained a portion of his initial parcel until he transferred such parcel to the Plaintiff on May 5, 1987. *See Deed, Exhibit #3.* The Estate of Guy Webber transferred Guy Webber's parcel to Roger Webber and Doreene Curtis on June 23, 1988. *See Deed, Exhibit #2.* Roger Webber and Doreene Curtis conveyed such parcel to Michael and Matthew Whitcomb on February 27, 2003. *See Deed, Exhibit #4.*

The Deed from Richard Webber to Guy Webber describes the conveyed property as follows:

> A certain lot or parcel of land situated in Monroe, County of Waldo, State of Maine, and more particularly bounded and described as follows, to wit:

Beginning at a **steel post** at the northeasterly corner of the Cleon and Nora Nottage Farm, so-called, on the southerly side of the Back Brooks Road, so-called; thence easterly along the southerly side of said road five hundred (500) feet, more or less, to a **steel post** at the northwesterly corner of property retained by the Grantor herein, Richard Webber; thence southerly generally perpendicular to the Back Brooks Road and parallel to the lot line of Lot 121 of the original plotting of the Town of Monroe to a **steel post** at the south line of said Lot 121 at the intersection of a woven wire fence and a stone wall and fence which fence is also the intersection of farms known as the Mason Farm (1960) and the Ellis Farm (1960) and presently owned by William Christopher and Elwin Christopher; thence

1

northwesterly following the woven wire fence along the northerly line of property of Christopher six hundred ninety-two (692) feet, more or less, to a **steel post** at the easterly line of David Stubbs; thence northerly parallel to the lot line of Lot 121 of the original plotting of the Town of Monroe and generally perpendicular to the Back Brooks Road following in part a cedar rail fence and in part a woven wire fence and in part a stone wall which fences are along the easterly line of property of David Stubbs in part, and along the easterly line of property of Cleon and Nora Nottage in part, to the place of beginning. Containing thirty-five acres more or less. (emphasis added)

As noted above, the deed from Richard Webber to Guy Webber referenced four steel posts – one in each corner of the property, and the subsequent deeds down to the Whitcombs repeat the description including the four steel posts. Three of the four posts have been found, and the location of the northwest, southwest, and southeast corners of the Whitcomb parcel are agreed upon by the parties (although the southeast corner post is not the specified distance from the southwest corner post, the parties agree that the southeast corner is marked by a post and agree to the southeast boundary). Thus, the only question is the location of the northeast corner of the Whitcomb property. The parties agree that if a monument marks or marked such corner, the monument controls the analysis. Thus, the first question is whether a monument marks or marked the northeast corner of the Whitcomb property (also the northwest corner of the Story property). Two surveyors diligently looked for the pin in question, and it has not been located.

The deeds conveying what is now the Whitcomb parcel all reference a "steel post" as marking the northeast corner in question. *See Exhibits #1, 2 and 4.*

Raymond Bryant is a property owner in the area of the property in question, and has owned his parcel since 1985. Mr. Bryant convincingly testified that he generally mowed the roadsides with his 7 foot mower. He also walked in the area for exercise and hunted in the area as well. Mr. Bryant convincingly testified that he observed a pin marking the corner in question on many occasions over the years and last saw the pin in approximately the summer of 2008. He further convincingly testified that the pin was a "hollow pipe" with no caps and that it was similar to the pin on the other side of the property. Mr. Bryant described the location of the pin as being near a "wet hole", and later testified that the pin recently placed by a surveyor on the northwesterly side of the "wet hole" was in nearly the same location as the pin he had seen over the years (except the old pin was in the middle of the ditch and the new pin is up on the bank). The Court accepts Mr. Bryant's testimony that over the years he observed a property pin in approximately the same location as the pin now placed by Surveyor Ginn. Mr. Bryant described the pin which is now missing as being similar in appearance to the pin which still remains in the northwest corner of the Whitcomb property.

Wendell Story also testified that he had observed the pin in question on several occasions. The pin was located by Mr. Story before he purchased his parcel in 1987, it was in place in 1993-1994 when he showed the boundary lines to a logger (hired by Roger Webber), and in 1994-1995 when the Town was re-ditching the road. Mr. Story last saw the pin in question three or four years ago and that it was "somewhere" near

the wet area.[1] Steven Story, Wendell Story's son, also observed the pin in question in 1994-1995 in the course of helping to re-ditch the Back Brooks Road. Mr. Steven Story described the pin in question as being "hollow" and as being of the same material as the pin marking the stone wall above it. While Wendell Story has a vested interest in this matter, his testimony is consistent with Raymond Bryant's testimony and with the deed recitation of the existence of four (4) steel posts.

Darrell Ginn, a licensed land surveyor, was hired by the Plaintiff in connection with this boundary dispute. Mr. Ginn found 3 pins consistent with the steel posts called for in the deed to the Whitcombs (and their predecessors) at the northwest, southwest and southeast corners of the Whitcomb property. Mr. Ginn testified that the pins in the northwest and southeast corners of the Whitcomb property were of the same "vintage".

Both attorneys made excellent presentations about deed interpretation, but in this case, the Court is satisfied by a preponderance of the evidence that a monument marked the northeast corner of the Whitcomb property, and that while the pin is now missing, it has been properly replaced by the Ginn pin. Given the deed recitation of four (4) steel posts, the length of time over which the now-missing pin was observed by various people, and the similarity in the description of the now-missing pin and other corner pins on the property[2], the Court finds that the northeast corner of the Whitcomb property is as marked by Ginn. Thus, with respect to Count I of Plaintiff's complaint, the Court declares the northeast corner of the Whitcomb property as being at the location of the pin set by Mr. Ginn. The Court dismissed Count II of Plaintiff's Complaint during the trial. Count III is dismissed by the Court as Judgment has been granted on Count I. Judgment is granted to the Plaintiff on Counts I, II, III and IV of Defendants' Counterclaim.

The Clerk shall enter this Judgment upon the docket by reference.

Dated: April 29, 2011

Ann M. Murray, Justice
Maine Superior Court

---

[1] The Court has reflected on whether or not Mr. Story told the Defendants' surveyors that he had not seen the pin, and if so, whether such statement referred to never seeing the pin or not seeing the pin shortly before being questioned about it. The Court is satisfied that Mr. Story said something that left the Defendants' surveyors with the impression that he (Story) had never seen the pin; however, the Court is satisfied that Mr. Story had seen the pin over the years.

[2] Mr. Bryant testified that the northwest and now-missing northeast pins were similar. Steven Story also recalled that the now-missing northeast pin and the northwest pin were of the same material, a hollow post. Mr. Ginn testified that the northwest and southeast pins were of the same "vintage" (while the southwest pin was not).

3